## PHELPS *v.* UNITED STATES.

### CERTIORARI TO THE COURT OF CLAIMS.

No. 531. Argued March 3, 1927.—Decided May 16, 1927.

1. A claim for just compensation for the use of property taken by the Government is "founded upon the Constitution," within the meaning of Jud. Code, § 145. P. 343. •

2. A claim for just compensation for property taken for public use by officers or agents of the United States pursuant to an Act of Congress, is a claim founded upon an implied contract. Jud. Code, § 145. P. 343.

3. Where the use of private property is taken by eminent domain and paid for later, the owner is entitled to the value at the time of taking and such additional amount that the whole may be equivalent to the value of such use at the time of the taking paid contemporaneously with the taking. P. 344.

4. Such additional allowance may be measured by a reasonable rate of interest, but is not properly interest, and is not within the prohibition of interest before judgment found in Jud. Code, § 177. P. 344.

61 Ct. Cls. 1044, reversed.

CERTIORARI (273 U. S. 678) to a judgment of the Court of Claims allowing a recovery of less than the amount claimed as the balance due for the value of the use of a wharf, on which petitioners had a lease, and which was taken over for military purposes during the late war.

*Mr. Harold S. Deming,* with whom *Mr. L. Russell Alden* was on the brief, for petitioner.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* was on the brief, for the United States, did not oppose the issuance of the writ, and submitted the case with some doubt as to the soundness of the result below.

, *Messrs. Ira Jewell Williams, John H. Stone, F. R. Foraker, Charles L. Guerin,* and *Ira Jewell Williams, Jr.,* filed a brief as *amici curiae,* by special leave of Court.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiffs were partners doing business as Phelps Brothers and Company; the petitioner is the survivor. They owned a lease on Pier No. 7 of the Bush Terminal in New York Harbor. December 31, 1917, pursuant to an Act of August 29, 1916, c. 418, 39 Stat. 619, 645, and an Act of August 10, 1917, § 10, c. 53, 40 Stat. 276, 279, the Secretary of War by direction of the President requisitioned that pier and other portions of the Bush Terminal for use in carrying on the war. Plaintiffs vacated, and the United States took possession of the property and continued to occupy it until May 14, 1919. The Secretary's order stated that steps would be taken to ascertain fair compensation for the temporary use of the property; and a board of appraisers was created for that purpose. The plaintiffs continued to pay rent to the lessor; and, in accordance with the finding of the board, the amount of such payments, $79,890.42, was repaid to plaintiffs by the United States. The board also found the value per month of the use of the plaintiffs' property less the monthly rents paid. The amount calculated on that basis was not satisfactory to plaintiffs; they elected to take 75 per cent. of the award and there was paid them

$44,733.79 on account. They sued to recover an amount sufficient to make up just compensation. The court found the value per day of the use of their property; the amount calculated on that basis was $254,175.79 over and above the sums paid; and that amount was included in the judgment entered March 8, 1926. Petitioner was granted a writ of certiorari. 273 U. S. 678.

He contends that there should be added such sums as will produce the equivalent of the value of the use of the leased property paid contemporaneously; and that interest at a reasonable rate from the date of the use to the time of payment is a good measure of the amount to be added in order to make just compensation.

This action was brought under § 145 of the Judicial Code. That section gives to the Court of Claims jurisdiction to hear and determine " all claims (except for pensions) founded upon the Constitution of the United States or . . . upon any contract, express or implied, with the Government of the United States . . ." Section 177 provides that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for its payment. Under the Fifth Amendment plaintiffs were entitled to just compensation; and, within the meaning of § 145, the claim is one founded on the Constitution. Moreover, it has long been established that, where pursuant to an Act of Congress private property is taken for public use by officers or agents of the United States, the Government is under an implied obligation to make just compensation. That implication being consistent with the constitutional duty of the Government as well as with common justice, the owner's claim is one arising out of implied contract. *United States* v. *Great Falls Manufacturing Co.,* 112 U. S. 645, 656; *Duckett* v. *United States,* 266 U. S. 149, 151; *Campbell* v. *United States,* 266 U. S. 368, 370. The distinction between the cause

of action considered in *United States* v. *North American Co.*, 253 U. S. 330, and a taking under the power of eminent domain was pointed out in *Seaboard Air Line Ry.* v. *United States*, 261 U. S. 299. Plaintiffs' property was taken before its value was ascertained or paid. Judgment in 1926 for the value of the use of the property in 1918 and 1919, without more, is not sufficient to constitute just compensation. Section 177 does not prohibit the inclusion of the additional amount for which petitioner contends. It is not a claim for interest within the purpose or intention of that section. Acts of Congress are to be construed and applied in harmony with and not to thwart the purpose of the Constitution. The Government's obligation is to put the owners in as good position pecuniarily as if the use of their property had not been taken. They are entitled to have the full equivalent of the value of such use at the time of the taking paid contemporaneously with the taking. As such payment has not been made, petitioner is entitled to the additional amount claimed. *Seaboard Air Line Ry.* v. *United States, supra,* 304; *Brooks-Scanlon Corp.* v. *United States,* 265 U. S. 106, 123; *Liggett and Myers Tobacco Co.* v. *United States, ante,* p. 215.

*Judgment reversed.*