CONSORZIO VENEZIANO DI ARMAMENTO E NAVIGAZIONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39759.    Promulgated December 30, 1930.

*John J. Fitzgerald, Esq.,* for the petitioner.
*J. A. Lyons, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that the entire amount paid under the judgment of the Court of Claims as amended on December 5, 1927, constituted the just compensation to which it was entitled and which was awarded to it for the taking of its property for public use and that no part of it constituted income. The respondent, on the other hand, contends that only the amount of $1,226,400 constituted just compensation as of August 3, 1917, the date of taking the property, and the difference between that amount and the amount of $1,833,946.06 constituted interest. The Court of Claims, in its judgment, included interest at 6 per cent as a part of the just compensation to which the petitioner was entitled.

As we view the question, it is not necessary for us to determine whether the amount was awarded as interest or as compensation. Conceding for the sake of argument that it was interest as contended by the respondent, not all interest is "income from sources within the United States" taxable as income of a foreign corporation. The Revenue Act of 1928, section 119 (a) (1), provides what shall be included in gross income of a foreign corporation with respect to interest as follows:

Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise * * *

and in paragraph (c) of the same section provides:

The following items of gross income shall be treated as income from sources without the United States: (1) Interest other than that derived from sources within the United States as provided in subsection (a) (1) of this section.

In our opinion, even if the amount constituted interest, it was not interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise. It would be a strained construction to say in the first place that the United States was a resident, corporate or otherwise, of the United States. Wherever in the statute obligations of the United States are referred to they are referred to specifically as "obligations of the United States." The expression "resident" in its ordinary acceptation does not refer to the Government itself and the language in the statute "resident, corporate or otherwise," we think should be given its ordinary and generally

accepted meaning. This view finds support in article 1509 of Regulations 69, with respect to this section of the statute, which states that a " domestic corporation is a resident corporation * * *." The regulations of the Commissioner construe the language in its ordinary and generally accepted meaning and make no reference to the Government as being " resident, corporate or otherwise."

In construing a statute words are to be taken in their ordinary and generally accepted sense, unless another meaning is clearly shown by the context. *Bailey* v. *Drexel Furniture Co.*, 259 U. S. 20; *Caminetti* v. *United States*, 242 U. S. 470; *De Ganay* v. *Lederer*, 250 U. S. 376; *Danciger* v. *Cooley*, 248 U. S. 319.

In any event, whether the expression " residents, corporate or otherwise" might be held to include the United States Government, the amount received here was not interest on *bonds, notes or other interest-bearing obligations.* Section 177 of the Judicial Code provides as follows:

No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims unless upon a contract expressly stipulated for the payment of interest.

This section of the Judicial Code has been construed by the United States Supreme Court in *Brooks-Scanlon Corporation* v. *United States*, 265 U. S. 106; *Seaboard Air Line Railroad* v. *United States*, 61 U. S. 299; and *Phelps* v. *United States*, 274 U. S. 341, in all of which cases the court held that the addition of interest allowed by the courts in judgments rendered against the United States on account of the just compensation for the taking of property for public use was not interest, but a part of the just compensation. We do not think, therefore, that it could be held that a claim paid by the United States as just compensation under the circumstances here presented constituted interest from an *interest-bearing obligation* of a " resident, corporate or otherwise," even conceding that the United States is a resident, corporate or otherwise.

On the other hand, if the amount received here was not interest, it clearly was not income, because the entire amount received, to wit, $1,833,946.06, did not equal the cost expended by the petitioner on account of the contracts taken over by the Government, to wit, $2,280,131. Clearly, it could not be said that a taxpayer received income under such circumstances.

The remaining question relates to the deductibility by the petitioner of $62,291.78 paid by it in 1928 for legal services and expenses in connection with its suit in the Court of Claims. The allowance of this amount as a deduction was urged by the petitioner in the event the Board should hold that the petitioner had received taxable

income on account of the amount calculated as interest in order to allow what was designated as just compensation.

In view of our conclusion that no part of the amount received constituted taxable income, it is not necessary for us to decide whether or not the above amount is an allowable deduction. See also section 233 of the Revenue Act of 1928.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*