## In re SOUTH CAROLINA PUBLIC SERVICE AUTHORITY.

## In re CONDEMNATION OF 11,754.8 ACRES OF LAND, MORE OR LESS, IN BERKELEY COUNTY, SOUTH CAROLINA.

District Court, E. D. South Carolina.

Feb. 3, 1941.

R. M. Jefferies, of Walterboro, S. C., for the Authority, condemnor.

A. T. Smythe, of Charleston, S. C., for condemnees.

LUMPKIN, District Judge.

This matter comes before me on a motion to set aside an order made by me in this cause dated December 27, 1940, directing the Clerk of this Court to pay to the Treasurer of Berkeley County from funds in the registry in this case, the sum of One Thousand Nine Hundred Fourty-Four Dollars and Two Cents ($1,944.02) being the taxes on this property for the year 1940, which order was expressly made without prejudice to the parties hereto to contest the issue of liability for the payment of said taxes, and for an order to require the condemnor herein to pay to the Clerk of this Court the said amount so expended by him, such amount to be held by him as a part of the deposit originally made by the condemnor herein in accordance with the award of the referees. The grounds of the motion are:

1. That the order was applied for and passed without notice to the moving parties.

2. That the South Carolina Statute of May 31, 1939, 41 Statutes at Large, p. 265, under which these proceedings were brought, was not intended to and does not provide that a landowner should continue to be liable for taxes after Condemnor has taken possession of his lands.

3. That if such Statute was intended so to provide, it is illegal and unenforceable as being violative of Section 1 of the 14th Amendment of the Federal Constitution, and of Sections 5 and 17 of Article 1 of the Constitution of South Carolina, as being an effort to deprive the landowner of property without due process of law and to take private property for public use without just compensation being first made therefor.

I shall discuss these grounds in the order in which they are set out above.

■ As to the first ground, the order sought to be set aside was passed in order that the 1940 taxes might be paid before the end of the year, thus avoiding penalties. While this order was made without notice to the Landowners, it by its terms preserves their rights, and counsel for the Landowners recognizes, and has so stated, the expediency of having made the order under the circumstances which existed. Under its terms, the necessity to set it aside does not exist, as appropriate relief may be given otherwise.

As to the second ground, the language of Section 9 of the Statute is not clear, and upon its face would seem to provide for payment of taxes by the landowner until he shall receive the amount ultimately determined to be just compensation for the property taken from him. This procedure, as is subsequently set out, is so irreconcilable with the requirements of the situation, that I cannot think that the Legislature of South Carolina intended to provide for it, and I am of the opinion that if the actual wording of the Section is capable of no other interpretation, it was inadvertently drawn. In view of my conclusions on the third ground, however, as hereinafter expressed, it is not necessary to discuss this question further.

■ The third ground for contending that liability for the payment of taxes should not rest upon landowner is, in my opinion, unanswerable, and the arguments advanced by counsel for the landowners in support of it are conclusive. The right of eminent domain is sui generis in our system of government involving an invasion of the rights of the individual citizen not found elsewhere in our laws, and to that extent, the right of the citizen against whom it is invoked must be jealously guarded, and the powers sought to be exercised under it restricted with equal care. The genius of eminent domain proceedings, under the modern theory, is that the property holder who is required in invitum to give up property with which he has no desire to part, shall be left whole financially by reason of the proceedings, and shall receive just compensation for what is taken from him. The methods of determining what is just compensation vary with the various condemnation statutes applicable in various cases. Under the Statute under consideration, it is determined first by the award of referees, and, finally by the verdict of a jury. The amount so found constitutes just compensation and the payment of anything less would not give the property owner that which the Constitutions of both the State and the United States have guaranteed to him. Counsel for the condemnor point out that in Section 7 of the Statute it is provided that the landowner is to receive interest at the legal rate from the date

of taking of possession by the condemnor until the final award as finally approved by the Court is paid to the landowner or deposited for his benefit, and contend that such interest constitutes an addition to just compensation, from which it is only fair (and that the Legislature so intended) that the landowner should pay the taxes pendente lite. I find myself unable to agree with this contention, nor do the authorities support counsel in urging it. It has been held many times both by the Circuit Courts of Appeals (including the Court of the Fourth Circuit) and by the United States Supreme Court that the landowner "is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added." See Seaboard Air Line v. United States, 261 U.S. 299, at 306, 43 S.Ct. 354, at 356, 67 L.Ed. 664; United States v. Wiener, 2 Cir., 210 F. 832; Baltimore & O. R. R. Co. v. Commissioner, etc., 4 Cir., 78 F.2d 460; Morton .Butler, etc. v. United States, 6 Cir., 91 F.2d 884 at 893; United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566; Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083; Shoshone Tribe v. United States, 299 U.S. 476 at. 496, 57 S.Ct. 244, 81 L.Ed. 360. The addition of interest, therefore, from the date of the loss of possession by the landowner to the date when he receives his money gives him nothing more than that to which he is entitled under the constitutional requirement that he shall receive just compensation, and even had the Statute been silent on the question, he would, under the authorities cited above, have been entitled to such interest as a matter of general law. Any obligation upon him to pay taxes meanwhile upon land which he no longer possesses or enjoys, or any deduction from the amount ultimately paid him, for the payment of such taxes can only result in his receiving less than this just compensation. A statutory enactment, therefore, seeking to accomplish this purpose is obviously violative of the Sections of the Constitutions which have been invoked, and is, therefore, unenforceable, and this Court will not countenance procedure in accordance with it.

Counsel for the condemnor cite in support of their contention that interim taxes are payable by the landowner, the case of Coggeshall v. United States, 4 Cir., 95 F.2d 986. While it is true that in that opinion the Court used the expression that the taxes due the County of Berkeley up to the time the title was vested in the United States were a lien on the fund in the hands of the Court, the case is not helpful in resolving the question now before me for the reason that the record does not show at what point the landowner lost possession of the property, which is the date from which his liability for taxes would cease. It may well be that in that case he did not give up the land until payment was made to him.

The Statute under consideration provides in Section 15 that if any Section, term or provision of it shall be declared unconstitutional or invalid in whole or in part by a court of competent jurisdiction, the remainder of the Act shall not be affected (sic) thereby, nor shall such determination be deemed to invalidate the remaining terms or provisions thereof. The conclusion which I have reached, therefore, does not necessitate a finding that the entire Statute is invalid.

It is to be borne in mind, however, and counsel for the landowners so expressed himself upon the argument, that the landowners are liable for the pro rata share of taxes up until the time when possession was taken from them, which is in this case, from the record, was on March 29, 1940. For the purpose of convenience April 1, 1940, will be taken as·the date of loss of possession.

It is therefore ordered that South Carolina Public Service Authority, condemnor herein, pay to the Clerk of this Court the sum of One Thousand Four Hundred and Fifty-Eight ($1,458) Dollars, being nine-twelfths of One Thousand Nine Hundred and Forty-Four Dollars and Two Cents ($1,944.02), the amount expended by him for taxes as hereinabove set forth, and that this amount be added by him to the balance of the amount deposited with him by the condemnor in accordance with the award of the referees herein, and held by him with such balance subject to the further order of this Court.