**UNITED STATES v. 165.1978 ACRES OF LAND, MORE OR LESS, IN EAST HAMPTON TP., SUFFOLK COUNTY, N. Y., et al.**

**No. 25.**

District Court, E. D. New York.

Dec. 26, 1944.

Milbank, Tweed & Hope, of New York City, for the motion.

Harry T. Dolan, Sp. Asst. to Atty. Gen. (John A. Jordan, of Brooklyn, N. Y., of counsel), opposed.

KENNEDY, District Judge.

On March 29, 1943, the Secretary of the Navy requested that steps be taken to acquire the exclusive use and possession of the premises herein involved. A petition in condemnation was filed on April 3, 1943, and an order for possession signed on April 6, 1943.

After some intermediate steps, which are not important here, the Secretary of the Navy in a communication to the Attorney General on September 19, 1944, said that it had now been found necessary to acquire a fee simple title to parcel A in this proceeding and by his letter requested that the proceedings be amended to this end.

Accordingly, on October 7, 1944, the second amended petition was again amended to show that so far as parcel A is concerned the judgment sought was to acquire a fee simple title rather than for use and possession for a term of years.

Prior to that date, and on September 26, 1944, a declaration of taking covering the acquisition of the fee simple title was filed and the estimated compensation deposited. This is called in the papers "Declaration of Taking No. 3". The judgment on this declaration was entered on October 14, 1944.

It is the order of October 7, 1944, and the judgment on the declaration dated October 14, 1944, which are now attacked.

Mr. Perkins, an attorney associated with Milbank, Tweed & Hope, attorneys for the defendants, makes an affidavit complaining that the amending order and the judgment on the declaration were both entered ex parte. He says that they produced a "metamorphosis" in the pending proceedings and should be vacated because no notice was given to the defendants of the Government's intention to make this change. The affiant states this is not order-ly procedure but cites neither statute nor precedent in support of his criticism.

In papers submitted in support of the motion it is urged on behalf of the defendants that while their counsel could not show that the taking in fee might not be for public use, the declaration and order should be vacated, so that the defendants may have an opportunity to raise the issue (so far nonexistent) if so advised.

 If the Government failed to comply with a statute requiring the giving of notice to the defendants, then obviously both the amended order and the judgment entered on the declaration must fall. But defendants do not even claim there is any such procedural requirement, and the Government demonstrates that it has taken all the steps that the statute (40 U.S.C.A. § 258a) requires. But this would not necessarily halt the inquiry. If any good reason could be implied in law why notice should have been given, then certainly an appeal might be made to the discretion of the Court, even if the statute is silent on the subject. But even if notice were given to the defendants, so long as there was a decision on the part of the Secretary of the Navy to take a title in fee rather than a temporary use, they could do nothing about it. It is beyond dispute now that in condemnation proceedings under this Act the Court cannot consider the desirability of taking private property for a public use. The Second War Powers Act, 50 U.S.C.A. Appendix § 632, 56 Stat. 177, ch. 199, Title II, § 201, was designed to facilitate the acquisition of property necessary for military, naval and other war purposes. It authorized such acquisition for temporary or any other use or interest. Judge Moscowitz construes a similar statute in United States v. 243.22 Acres of Land, Situate in the Village of Farmingdale, D.C., 43 F. Supp. 561, affirmed, 2 Cir., 1942, 129 F.2d 678, certiorari denied 317 U.S. 698, 63 S.Ct. 441, 87 L.Ed. 558. He says, and I agree, that it is almost unthinkable that such a power vested in the Executive could be properly exercised if the Courts could substitute their judgment for that of the cabinet officer charged with the duty to make the decision. Refusal of the Court to assume such power is not anything recent. Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Threlkeld, 10 Cir., 72 F.2d 464, certiorari denied 293 U.S. 620, 55 S.Ct.

215, 79 L.Ed. 708; United States v. Chandler-Dunbar Water Power Co., 229 U.S. 53, 33 S.Ct. 667, 57 L.Ed. 1063. The principle holds both in time of peace and war, and under all sorts of administrations.

And so, far from suggesting that the right to notice ought to be interpolated in the statute (40 U.S.C.A. § 258a), the rationale of these cases leads to the conclusion that no such requirement ought to be in it, because there would be no benefit to anyone and it might be a source of considerable delay and detriment to the Government in the acquisition of sites necessary for the successful conduct of the war.

The attorneys for the moving parties seem to recognize the weakness in their own position. They disclaim any intent to interfere with the Navy's use of the premises and ask only that "these lawyers in Brooklyn" be required to proceed in what they call an orderly manner. They indicate very clearly that they "cannot say at this time that the taking in fee might be for a private use." They merely want undone that which has already been completed in order that they may have an opportunity to produce proof which they say they do not now have and which they intimate they may never have. Certainly their position finds no support in the statute, the decided cases or in common sense.

The motion is denied.