**UNITED STATES v. BAUGH et al.**
No. 10956.

Circuit Court of Appeals, Fifth Circuit.
May 4, 1945.

Norman M. Littell, Asst. Atty. Gen., Vernon L. Wilkinson and S. Billingsley Hill, Attys., Department of Justice, both of Washington, D. C., and Clyde O. Eastus, U. S. Atty., and Frank B. Potter, Asst. U. S. Atty., both of Fort Worth, Tex., for appellant.

J. C. Darroch, of Brownwood, Tex., for appellees.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The question to be answered in this appeal is stated by appellant as follows:

"Whether in a condemnation proceeding under the Second War Powers Act, where an agreement has been entered into with the landowners (after the United States acquired possession) fixing the amount of just compensation, the United States is liable for interest on that sum from the date of the agreement to the date when the money is made available to the landowners."

The condemnation proceedings were begun on August 24, 1942, under the Second War Powers Act, Sec. 632, 50 U.S. C.A.Appendix, to acquire approximately 120,000 acres of land for military purposes in connection with Camp Bowie and an order for immediate possession was entered on the same day. Several months thereafter the owners of numerous parcels within the area entered into stipulations with the United States wherein the parties agreed upon certain sums as just compensation to be awarded for the taking of their property and waived service of notice of all kinds, including that of a hearing before special commissioners appointed by the Court to make findings as to the amount of just compensation. The stipulations agreed that the Court "is hereby authorized and petitioned to enter without further notice a final judgment and decree in said action in accordance with the prayer in plaintiff's petition herein, or any declaration of taking which may hereafter be filed by the plaintiff, vesting the title to the above-described property in the United States of America, and adjudg-

ing just compensation for the lands taken, to be in the sum of * * *."

The agreement contained the further stipulation:

"The foregoing stipulation is made to expedite the vesting of title in the plaintiff, the United States of America, and the payment of just compensation for such lands to the owners thereof, and it is the purpose and intent hereof to vest in the Court, without any further proceeding and notice, full authority to close such action by final judgment and to disburse the funds in accordance therewith."

Based on three of the stipulations three final decrees in condemnation were entered and three separate orders were made allowing interest to the landowners, the tracts of land embraced in said orders and judgments being designated as Tract A-122, Tract G-714, and Tract G-746.

The alleged stipulation as to Tract A-122 is not in the record and, of course, we cannot review or construe that stipulation nor the order of the lower Court based thereon. That order must necessarily be affirmed.

The stipulation as to Tract G-714 was dated January 2, 1943, but the Government did not deposit the amount to be paid under the stipulation until August 25, 1943, or nearly eight months later. The stipulation as to Tract G-746 was dated February 22, 1943, but the Government did not make a deposit into the registry of the Court for the landowner until August 25, 1943, or seven months later. The Government had taken possession of each tract of land slightly more than a year before any compensation was made available to the landowner. The Court below allowed interest from the date of the stipulations between the landowners and the Government to the date the money provided for in the stipulations was deposited in Court, and denied the landowners' claim of the right to be paid interest at the legal rate in Texas on the agreed sum from the date that possession of their lands was taken by the United States to date of deposit of such sum into the registry of the Court. No appeal, or cross appeal, was taken from the order of the lower Court in disallowing interest from the date of taking possession to the dates of the stipulations.

The only specification of error is that the allowance by the District Court of

interest on the sums agreed upon by the parties as just compensation violates the terms of the agreements and the rule that interest does not run on contractual claims against the sovereign.

█ Counsel for the Government recognize that the phrase "just compensation" springs from the Fifth Amendment and that when it is used in connection with condemnation proceedings it embraces not only the value of the property at the date of taking but whenever the taking precedes payment, the term also includes "such addition as will produce the full equivalent of that value paid contemporaneously with the taking," as was held in Seaboard Air Line R. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 28, 78 L.Ed. 142, 96 A.L.R. 1; and Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083.[1]

█ In the present case the Government did not take a deed from the landowner as in an outright purchase, but it acquired title and possession by condemnation. The stipulation merely had the effect of relieving the Government from having to make proof as to what was just compensation and of running the risk of having an amount fixed which might be unsatisfactory. The stipulations eliminated controversies, but otherwise the condemnation suit proceeded to final judgment. There is no mention in the stipulations that interest was, or was not, included.

---

[1] In Jacobs v. United States, supra, the Court said:

"The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and includes all elements, 'and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.' The owner is not limited to the value of the property at the time of the taking; 'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.' Interest at a proper rate 'is a good measure by which to ascertain the amount so to be added.' Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 356, 67 L.Ed. 664. That suit was brought by the owner under § 10 of the Lever Act * * *, which, in authorizing the President to requisition property for public use and to pay just compensation, said nothing as to interest. But the Court held that the right to just compensation could not be taken away by statute or be qualified by the omission of a provision for interest where such an allowance was appropriate in order to make the compensation adequate. See, also, United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566.

"The principle was restated in Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083. There the suit was brought in the Court of Claims * * *, and that court gave judgment for the value of the property as it was found to be at the time of the requisition. Plaintiffs insisted that they were entitled to an additional amount to produce the equivalent of the value of the property 'paid contemporaneously,' and that, for this purpose, interest as a reasonable measure should be allowed. This Court sustained the claim. The Court held that judgment in 1926 for the value of the use of the property in 1918 or 1919, without more, was not sufficient to constitute just compensation; that the claim was not for 'interest' within the meaning of section 177 of the Judicial Code (28 U.S.C. § 284 (28 U.S.C.A. § 284)) and that that provision did not preclude the recovery of the additional amount asked. To the same effect are Brooks-Scanlon Corporation v. United States, 265 U.S. 106, 123, 44 S.Ct. 471, 68 L.Ed. 934; Liggett & Myers Co. v. United States, 274 U.S. 215, 47 S.Ct. 581, 71 L.Ed. 1006."

In Smyth, Executor v. United States, 302 U.S. 329, 58 S.Ct. 248, 252, 82 L. Ed. 294, 114 A.L.R. 807, it was held:

"The rule is established that in the absence of contract or statute evincing a contrary intention, interest does not run upon claims against the Government even though there has been default in the payment of the principal. [United States ex rel.] Angarica v. Bayard, 127 U.S. 251, 8 S.Ct. 1156, 32 L.Ed. 159; United States v. North Carolina, 136 U. S. 211, 10 S.Ct. 920, 34 L.Ed. 336; United States v. North American Transportation & Trading Co., 253 U.S. 330, 336, 40 S.Ct. 518, 521, 64 L.Ed. 935; Seaboard Air Line R. v. United States, 261 U.S. 299, 304, 43 S.Ct. 354, 355, 67 L.Ed. 664. The allowance of interest in eminent domain cases is only an apparent exception, which has its origin in the Constitution. Shoshone Tribe v. United States, 299 U.S. 476, 497, 57 S. Ct. 244, 251, 81 L.Ed. 360; United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 282, 65 L.Ed. 566."

Just compensation in condemnation cases means just compensation at the time of taking of possession, and when the parties reduced to writing a stipulation fixing just compensation there seems to be no reason to conclude that the landowner *impliedly* waived any legal right. In view of the several express waivers made in the writing it will not be presumed to have contained any implied waivers of substantial constitutional rights. Under the decisions cited above, the landowners had the constitutional right to receive not only just compensation but, where the taking precedes the payment, the landowner is also entitled to "such addition as will produce the full equivalent of that value paid contemporaneously with the taking", which additional value may be measured by the legal rate of interest, if reasonable, in the state where the property is located.[2] The settled law of the land at the time a contract is made is a part of the contract and must be read into it. 12 Am.Jur. 769, § 240. However, in the present case, the lower Court did not allow interest from the date of the taking to the time of the payment in Court, but only from the dates of the stipulations until the deposit was made in Court. There are no cross appeals, and we will not disturb the denial by the lower Court of interest from the date of taking to the date of the stipulations. The landowners apparently were willing at the date of the agreements to accept the sums of money stipulated without past interest and expected the Government to make prompt payment of the amount agreed upon. But the Government failed to pay for seven or eight months thereafter, and there is neither proof nor presumption that the landowners intended to waive interest in the future, particularly for such an indefinite and unreasonable period, and such a waiver cannot be read into the agreement. Their right to have interest is found in the Constitution and is neither found nor lost in the contract.

The Constitution no more permits the deprivation of the money equivalent of land taken without just compensation than it does the deprivation of the use of land without just compensation.

Section 258a of 40 U.S.C.A. provides for the payment of interest from the date of taking to the date of payment on any amount awarded as just compensation in excess of the sum deposited at the time of taking, and since the allowance of interest in condemnation cases for delayed payments of just compensation had received judicial sanction prior to the enactment of that statute, and even though that statute was not utilized in the condemnation case here, nevertheless, it shows a recognition by Congress of the right of the landowner to have interest from the date of the taking of his land, when the taking is antecedent to the payment of just compensation.

The judgments are affirmed.

---

[2] Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083.