**UNITED STATES of America**

**v.**

**59.29 ACRES OF LAND, MORE OR LESS, SITUATED IN HARDIN COUNTY, STATE OF TEXAS, and E. M. Simmons et al., and unknown owners.**

**Civ. A. No. B–78–644–CA–MF–1525–71.**

United States District Court, E. D. Texas, Beaumont Division.

Aug. 8, 1980.

John Hannah, Jr., U. S. Atty., Tyler, Tex., Harry W. McKee, Asst. U. S. Atty., Beaumont, Tex., for plaintiff.

Gilbert T. Adams, Sr. Beaumont, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

### JOE J. FISHER, District Judge.

This is a land condemnation suit. The United States as plaintiff has filed a motion to reconsider the Court's order of May 23, 1980, allowing interest on the award of the condemnation commission appointed to hear this case. For reasons that will appear more clearly below, said motion is granted and the order of May 23, 1980, is modified in accordance with this memorandum opinion.

On September 11, 1978, the plaintiff filed a Complaint in Condemnation and a Notice of Condemnation to take fee simple title to tract number 185–01, but excluding from the taking all oil, gas, and other mineral interests. This tract is some 59.29 acres of land, situated in Hardin County, Texas, and is owned by defendants E. M. and Juanita Simmons. The authority for the taking of this tract was recited to be 40 U.S.C. § 257; 16 U.S.C. § 460*l*–4, the Land and Water Conservation Fund Act of 1965; 16 U.S.C. § 698, authorizing the establishment of the Big Thicket National Preserve; and the Department of the Interior and Related Agencies Appropriation Act of 1978, 91 Stat. 287, which appropriated funds for the project. Jurisdiction is based on 28 U.S.C. § 1358. No declaration of taking pursuant to 40 U.S.C. §§ 258a et seq. was ever filed by the plaintiff.

The issue of just compensation was tried before the condemnation commission on October 15, 1979, and the commission filed its report and findings with the Court on December 6, 1979, fixing the amount of just compensation for the property taken as ninety-two thousand and eighty-one dollars and no cents ($92,081.00). The plaintiff deposited a check in the amount of the award into the Registry of the Court on April 17, 1980, to the credit of tract number 185–01. The judgment on the report and findings of the commission was entered May 5, 1980, adopting said findings in whole. The Court in the judgment expressly reserved ruling on the defendants' motion to award interest on the commission's award from the date of taking and to award appraisal expenses.

After careful consideration of the issues, this Court on May 23, 1980, ruled that the defendants were entitled to interest at the rate of six percent (6%) per annum [1] on the award of the condemnation commission from the date of taking (which was stipulated to be October 15, 1979) to the date of payment of the award (April 17, 1980). The

---

1. "[W]here the taking precedes the payment, the landowner is also entitled to 'such addition as will produce the full equivalent of that value paid contemporaneously with the taking,' which additional value may be measured by the legal rate of interest, if reasonable, in the state where the property is located." *United States v. Baugh*, 149 F.2d 190, 193 (5th Cir. 1945) (quoting *Phelps v. United States*, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083 (1927)). The legal rate currently in effect in the State of Texas is six percent per annum. Tex.Rev.Civ.Stat.Ann. art. 5069—1.03 (Vernon Supp.1979). *See State of Texas v. Brunson*, 461 S.W.2d 681 (Tex.Civ. App.—Corpus Christi 1970, writ ref'd n. r. e.).

Court at the same time denied the defendants' motion to award appraisal expenses. On June 6, 1980, the plaintiff filed its motion to reconsider the ruling of May 23, as to the award of interest. Defendants' brief in opposition thereto was timely filed on June 16, 1980.

## I.

The plaintiff does not dispute the Court's conclusion that the fifth amendment requires the payment of interest as an element of just compensation where the date of taking of the property precedes the date of payment of the award. *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *United States v. Miller*, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *Jacobs v. United States*, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142 (1933); *Brooks-Scanlon Corp. v. United States*, 265 U.S. 106, 44 S.Ct. 471, 68 L.Ed. 934 (1924); *Seaboard Air Line Ry. Co. v. United States*, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1923); *United States v. Rogers*, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566 (1921); *Bishop v. United States*, 288 F.2d 525 (5th Cir. 1961); *cf. United States v. Thayer-West Point Hotel Co.*, 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521 (1947) (interest an element of just compensation under fifth amendment, but not necessarily under statute directing payment of "just compensation"). The task the Court is today faced with is to fix the date of taking of the property where the plaintiff condemns property under the procedure outlined above.

In this connection, the Supreme Court has noted that

The constitutional requirement of just compensation derives as much content from the basic equitable principles of fairness, *United States v. Commodities Trading Corp.*, 339 U.S. 121, 124, 70 S.Ct. 547, 549, 94 L.Ed. 707 (1950), as it does from technical concepts of property law.

*United States v. Fuller*, 409 U.S. 488, 490, 93 S.Ct. 801, 803, 35 L.Ed.2d 16 (1973). *Accord, Almota Farmers Elevator and*

*Warehouse Co. v. United States*, 409 U.S. 470, 478, 93 S.Ct. 791, 796, 35 L.Ed.2d 1 (1973); *United States v. 320.0 Acres of Land, More or Less, In the County of Monroe, State of Florida*, 605 F.2d 762, 780 (5th Cir. 1979). And, more recently, that Court has written that

Although no precise rule determines when property has been taken, see *Kaiser Aetna v. United States*, 444 U.S. 164 [100 S.Ct. 383, 62 L.Ed.2d 332] (1979), the question necessarily requires a weighing of private and public interests.

*Agins v. City of Tiburon*, —— U.S. ——, ——, 100 S.Ct. 2138, 2140, 65 L.Ed.2d 106 (1980). Perhaps due to the rather uncommon procedure used by the plaintiff in this case, the Court has been unable to uncover a binding precedent directly on point. The Court, therefore, believes that the parties deserve some guidance on the significant issues involved in this case.

The date of taking in condemnation suits for the purpose of computing the interest due on the award has been variously determined as (1) the date of filing a declaration of taking; (2) the date of vesting of title; (3) the date of issuance of the summons; (4) the date of filing the oath of the appraisers; (5) the date of injury to the property; (6) the date of taking actual possession of the property; (7) the date of filing the condemnation commission's report; (8) the date an assessment list was filed; (9) the date a report on damages was filed; (10) the date of making demand for payment; (11) the date of confirmation of the commission's award; and other dates. *See* Annotation, 36 A.L.R.2d 337 et seq. (1954). There is no clear rule and each case appears to turn on the particular facts involved.

■ Federal Rule of Civil Procedure 71A(i)[2] provides as follows:

(i) Dismissal of Action

(1) *As of Right*. If no hearing has begun to determine the compensation to be paid for a piece of property and the plaintiff has not acquired the title or a lesser interest in or taken possession, the plain-

2. All references are to the Federal Rules of Civil Procedure, unless indicated otherwise.

tiff may dismiss the action as to that property, without an order of the court, by filing a notice of dismissal setting forth a brief description of the property as to which the action is dismissed.

(2) *By Stipulation.* Before the entry of any judgment vesting the plaintiff with title or a lesser interest in or possession of property, the action may be dismissed in whole or in part, without an order of the court, as to any property by filing a stipulation of dismissal by the plaintiff and the defendant affected thereby; and, if the parties so stipulate, the court may vacate any judgment that has been entered.

(3) *By Order of the Court.* At any time before compensation for a piece of property has been determined and paid and after motion and hearing, the court may dismiss the action as to that property, except that it shall not dismiss the action as to any part of the property of which the plaintiff has taken possession or in which the plaintiff has taken title or a lesser interest, but shall award just compensation for the possession, title or lesser interest so taken. The court at any time may drop a defendant unnecessarily or improperly joined.

(4) *Effect.* Except as otherwise provided in the notice, or stipulation of dismissal, or order of the court, any dismissal is without prejudice.

This Rule may be fairly read to mean that, if a hearing has been held, the plaintiff may not dismiss the suit without either a stipulation of dismissal entered into between the parties or an order of the court allowing dismissal. 7–Pt. 2 Moore's Federal Practice ¶ 71A.100[3] (2d ed. 1979); 12 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 3053 (1973). So, if the plaintiff allows the suit to go to hearing without dismissing pursuant to Rule 71A(i)(1), the plaintiff is definitely committed to taking the property, absent a dismissal by stipulation or by order of the court. The date of taking of the property

comes whenever the [plaintiff's] intent to take has been definitely asserted and it begins to carry out that intent. So long as it is conjectural whether or not [plaintiff] will actually take [defendant's] property, a taking has not occurred, but when conjecture ripens into a definitely asserted purpose and steps are taken to carry out that purpose, the taking may be said to have occurred.

*Gerlach Livestock Co. v. United States*, 76 F.Supp. 87, 97 (Ct.Cl.1948), *aff'd*, 339 U.S. 725, 70 S.Ct. 955, 94 L.Ed. 1231 (1950). *Accord, Potter v. United States*, 91 F.Supp. 580 (Ct.Cl.1950). The taking in this case may be said to have occurred by the date of the hearing before the condemnation commission, since by that time the plaintiff has definitely asserted its intent to take the property and has taken all the steps required for the taking, except for payment of the award. By that date, the plaintiff is no longer able to dismiss the suit at will. By that date, conjecture has ripened to a certainty.[3]

## II.

Having fixed the date of taking as the date of the hearing before the condemnation commission or other tribunal wherein the issue of just compensation is determined, there still remains the task of fixing the date from which interest shall run on the commission's award. For reasons that will appear, interest shall be due on the award only from the date of the filing of the report and findings of the commission until payment of the award is actually made.

In the case at bar, there was a delay of over a year from the date the plaintiff instituted suit to the date of the hearing before the condemnation commission, and a further delay of over six months from the date of the hearing to the date the plaintiff finally deposited the amount of the commission's award into the Registry of the Court.

---

**3.** *Cf. United States v. 320.0 Acres of Land*, 605 F.2d at 772 (date of taking was the date of trial).

Considerations of equity and fairness, *Fuller*, require that the plaintiff move to compensate the landowner as soon as feasible after the date the amount of just compensation is determined.

> It often happens that in the delays incident to condemnation suits the loss to the owner arising from the delay between the summons and the vesting of title by judgment is a serious one. The interest charge under the Idaho statute [allowing interest from the date of the summons] has the wholesome effect of stimulating the plaintiff in condemnation to prompt action.

*Brown v. United States*, 263 U.S. 78, 86, 44 S.Ct. 92, 95, 68 L.Ed. 171 (1923). The Court will take judicial notice of the fact that this nation is presently in a period of skyrocketing inflation. Where there is a significant delay between the date of valuation and the date the award is finally paid, the landowner does not receive the "full equivalent of the value of [the property] at the time of the taking paid contemporaneously with the taking." *Phelps v. United States*, 274 U.S. 341, 344, 47 S.Ct. 611, 612, 71 L.Ed. 1083 (1927); *Brooks-Scanlon*, 265 U.S. at 123, 44 S.Ct. at 474.

> Considerable time may elapse after the commissioners fix the value of the land before it is ultimately paid for. They can only fix it as of the time they act. They cannot say what it will be at any indefinite time in the future. The value may for many reasons change, and the rental value may be materially affected by the tenure of the owner rendered uncertain by possible protracted litigation.

*United States v. Sargent*, 162 F. 81, 84 (8th Cir. 1908), *appeal dismissed*, 215 U.S. 618, 30 S.Ct. 410, 54 L.Ed. 351 (1910) (cited with approval by the Supreme Court in *Seaboard Air Line, Brown*, and *Rogers*). *Sargent* was a case decided under the Conformity Act of 1888, 25 Stat. 357 (formerly 40 U.S.C. § 258),[4] which has since been superseded by Rule 71A. The court, however,

did not ground its decision on the Conformity Act, but instead held that the award of interest from the date of the commission's award was

> a palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making "just compensation" for the land as it stands, at the time of taking.

*Id.* The Court finds the reasoning in *Brown* and *Sargent* to be persuasive and in accord with basic equitable principles.

■ Yet, the Court is constrained by considerations of fairness to the plaintiff to set the date of the beginning of the obligation to pay interest on the award as the date of the filing of the report and findings of the commission, rather than the date of the hearing, since at the earlier date the amount of the award cannot be known by the plaintiff. Such amount can be known for a certainty only when the commission files its report and findings with the Court. The plaintiff could not prevent the running of interest from the date of the hearing except by depositing into the Registry of the Court at the time a sum equal to its best guess as to the amount of the award.[5] So, even though the plaintiff is definitely committed to taking the property as of the date of the hearing on just compensation, a weighing of public and private interests, *Agins*, and considerations of equity and fairness, *Fuller*, require that the date of commencement of the running of interest upon the award be fixed as the date of the filing of the report and findings of the condemnation commission, here December 6, 1979. It is hoped that this solution is a reasonable accommodation of the competing interests involved in this case. It is, therefore,

ORDERED, ADJUDGED and DECREED that the plaintiff's motion to reconsider is granted and the order of this Court of May 23, 1980, is hereby modified insofar as it

---

4. Section 258 required conformity, as near as possible, to state practice and pleading in condemnation proceedings.

5. This is, in essence, the procedure contemplated by the Declaration of Taking Act, 40 U.S.C. §§ 258a et seq.

grants interest on the award of the condemnation commission from October 15, 1979, to April 16, 1980. Interest shall now be due on the award at the rate of six percent (6%) per annum from and including December 6, 1979, to April 16, 1980.