KETHLEDGE, Circuit Judge, concurring.
 

 CONCURRENCE
 

 To find a good illustration of the law of unintended consequences, one need look no further than the Supreme Court's decision in
 
 Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City
 
 ,
 
 473 U.S. 172
 
 ,
 
 105 S.Ct. 3108
 
 ,
 
 87 L.Ed.2d 126
 
 (1985). The Court's actual holding was pedestrian: that Hamilton Bank's takings claim was unripe because the bank had not exhausted its administrative remedies, specifically its right to ask the County for a variance to develop the property in the manner proposed.
 

 Id.
 

 at 193-94
 
 ,
 
 105 S.Ct. 3108
 
 . In dictum, however-dictum in the sense that the Court's
 pronouncement was at that point unnecessary to its decision-the Court went on to say that the bank's claim was "not yet ripe" for a "second reason[.]"
 
 Id
 
 . at 194,
 
 105 S.Ct. 3108
 
 . That reason too was couched in terms of exhaustion: that under state law "a property owner may bring an inverse condemnation action to obtain just compensation for an alleged taking of property"; and that, until the bank "has utilized that procedure, its takings claim is premature."
 
 Id
 
 . at 196-97,
 
 105 S.Ct. 3108
 
 . The Court's implicit assurance, of course, was that once a plaintiff checks these boxes, it can bring its takings claim back to federal court.
 

 That assurance has proved illusory, as the plaintiffs in this case are only the latest to learn. For
 
 Williamson County
 
 seemed to overlook that, unlike a state or local body in an administrative proceeding, state courts issue
 
 judgments
 
 . And state-court judgments are things to which the federal courts owe "full faith and credit[.]"
 
 28 U.S.C. § 1738
 
 ;
 
 see also
 
 U.S. Const. art. IV, § 1. That obligation means that takings claims litigated in state court cannot be relitigated in federal.
 
 See
 

 San Remo Hotel, L.P. v. City and County of San Francisco, Cal.
 
 ,
 
 545 U.S. 323
 
 , 337-38,
 
 125 S.Ct. 2491
 
 ,
 
 162 L.Ed.2d 315
 
 (2005). Thus-by all appearances inadvertently-
 
 Williamson County
 
 "all but guarantees that claimants will be unable to utilize the federal courts to enforce the Fifth Amendment's just compensation guarantee" against state and local governments.
 
 Id
 
 . at 351,
 
 125 S.Ct. 2491
 
 (Rehnquist, C.J., concurring in the judgment).
 

 Yet
 
 Williamson County
 
 has its defenders, notably state and local governments, who say that, if a state's procedure for providing "just compensation" happens to be a lawsuit in state court, an aggrieved property owner should be obligated to seek compensation there. The problem with that argument (apart from the catch-22 described above) is its premise: that, taking or not, the property owner cannot show a denial of "just compensation" until the state courts deny relief. But the Takings Clause does not say that private property shall not "be taken for public use, without just compensation, and without remedy in state court." Instead the Clause says that private property shall not "be taken for public use, without just compensation"
 
 period
 
 . U.S. Const. Amend. V. And that plainly means that, if the taking has happened and the compensation has not, the property owner
 
 already
 
 has a constitutional entitlement to relief.
 
 See
 

 Arrigoni Enterprises, LLC v. Town of Durham, Conn
 
 ., --- U.S. ----,
 
 136 S.Ct. 1409
 
 , 1409-10,
 
 194 L.Ed.2d 821
 
 (2016) (Thomas, J., dissenting from denial of certiorari). Whether a local planning commission or the state courts have recognized that entitlement is beside the point for purposes of whether the constitutional entitlement exists. That is why pre-judgment interest on a federal takings claim runs from the date the property was taken, not from some later date on which a state court denied relief.
 
 See, e.g.
 
 ,
 
 Phelps v. United States
 
 ,
 
 274 U.S. 341
 
 , 344,
 
 47 S.Ct. 611
 
 ,
 
 71 L.Ed. 1083
 
 (1927).
 

 Williamson County
 
 thus turns away from federal court constitutional claimants who have every right to seek relief there. And in doing so
 
 Williamson County
 
 leaves those claimants without any federal forum at all.
 
 Williamson County
 
 itself did not foresee that result, and thus offered no justification for it. Nor has any later case explained why takings claims should be singled out for such disfavored treatment. And meanwhile, as this case and others illustrate,
 
 Williamson County
 
 has left the lower federal courts with plenty to do in cases where plaintiffs seek to assert federal takings claims against state or local defendants. Rather than actually adjudicate
 those claims, however, we adjudicate federal-court esoterica: things like
 
 Pullman
 
 abstention, the scope of state jurisdictional and venue provisions, the efficacy of so-called "
 
 England
 
 reservations," and whether state law disfavors the adjudication of federal takings claims in violation of
 
 Haywood v. Drown
 
 ,
 
 556 U.S. 729
 
 ,
 
 129 S.Ct. 2108
 
 ,
 
 173 L.Ed.2d 920
 
 (2009).
 
 See, e.g.
 
 ,
 
 Wayside Church v. Van Buren County
 
 ,
 
 847 F.3d 812
 
 , 818-22 (6th Cir. 2017) ;
 

 id.
 

 at 823-25
 
 (dissenting opinion).
 

 As to
 
 Haywood
 
 , in particular, "[o]ne further irony remains."
 
 Id
 
 . at 825 (dissenting opinion). There, the Supreme Court held that state jurisdictional statutes that discriminate against "disfavored federal claim[s]" are invalid under the Supremacy Clause.
 
 556 U.S. at 738-39
 
 ,
 
 129 S.Ct. 2108
 
 . But so far as disfavored federal claims are concerned, the federal courts should consider their own advice: for "if anyone has undermined the adjudication of federal takings claims against states and local governments, it is the federal courts-by the application of
 
 Williamson County
 
 ."
 
 Id
 
 . at 825 (dissenting opinion).
 

 Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction that Congress has given them.
 
 Sprint Commc'ns, Inc. v. Jacobs
 
 ,
 
 571 U.S. 69
 
 , 77,
 
 134 S.Ct. 584
 
 ,
 
 187 L.Ed.2d 505
 
 (2013). Congress has given us jurisdiction to hear these takings claims. Our constitutional order would be better served, I respectfully suggest, if we simply adjudicated them.