STATE OF NORTH DAKOTA EX REL. CARL R. KOZITŽKY,
State Auditor, Appellant, v. J. R. WATERS, Manager of the
Bank of North Dakota of the State of North Dakota, and F. W.
Cathro, Director General of the Bank of North Dakota of the
State of North Dakota, Respondents.

(176 N. W. 913.)

**Banks and banking — examination of Bank of North Dakota not a part of the duties of the state auditor.**

The examination of the Bank of North Dakota is not a part of the duties of the state auditor.

Subdivision 14 of § 132, Compiled Laws of 1913, which makes it the duty of the state auditor "to inspect, in his discretion, the books of any person charged with the receipt, safeguarding, or disbursement of public moneys," and § 135 of the Compiled Laws of 1913, which gives the auditor access "to all state offices during the business hours for the purpose of inspecting such books, papers, and accounts therein as may concern his duties," are construed in conjunction with chapter 147 of the Session Laws of 1919, which provides for the creation of the Bank of North Dakota, and it is *held:*

Opinion filed February 18, 1920.

Appeal from an order of the District Court of Burleigh County, *Nuessle, J.*

Order affirmed.

*William Langer,* Attorney General, and *L. E. Packard* and *Albert E. Sheets,* Assistant Attorneys General, for appellant.

"To inspect is to examine; to view closely and critically; especially in order to ascertain quality and condition, to detect error, etc." People v. Campagnilgen Transit Alantigue, 107 U. S. 57, 27 L. ed. 385; Peterson v. R. Am. Comp. Co. 111 N. Y. Supp. 329; 2 Words & Phrases, 2d series, 1104.

The Bank of North Dakota is a part of the state government. Bank of U. S. v. Planter's Bank, 9 Wheat. 904; Bank of Kentucky v. Wister, 25 Pet. 217; Briscoe v. Bank of Kentucky, 11 Pet. 310; Craig v. State, 4 Pet. 310; Curran v. State, 14 How. 305; Darrington v. State Bank, 13 How. 12.

*W. A. Anderson* and *L. A. Simpson,* for respondents.

. The history and facts and circumstances surrounding the legislation in question is proper to be considered and construed. Mushel v. Schulz (Minn.) 166 N. W. 179.

BIRDZELL, J. This is a proceeding to compel the defendants to admit the plaintiff into the Bank of North Dakota for the purpose of conducting an examination. The trial court refused to issue the writ prayed for and the appeal is from the order made.

The plaintiff, who is the state auditor, contends that the examination of this bank constitutes a part of his official duties and relies upon subdivision 14 of § 132 of the Political Code which makes it the duty of the state auditor "to inspect, in his discretion, the books of any person charged with the receipt, safeguarding, or disbursement of public moneys," and upon § 135, which provides that the auditor shall have access to "all state offices during the business hours for the purpose of inspecting such books, papers, and accounts therein as may concern his duties." Chapter 147 of the Session Laws of 1919, which provides for the creation of the Bank of North Dakota, is cited and relied upon as showing the character of that institution. From the various provisions of this chapter it is contended that the institution is so far public in its character as to be a part of the government of the state, rather than a trading company, and that, therefore, it is subject to the same measure of inspection by the state auditor as are state officers referred to in § 135, Comp. Laws 1913.

The foregoing contentions are met by the respondents with the statement that it is immaterial whether the Bank of North Dakota be considered a trading company or a public institution; that it is nevertheless a bank performing certain of the ordinary functions of an ordinary bank, such as the receipt of deposits, etc., and consequently subject to the same duty of regarding the confidence reposed by depositors and customers as are privately owned banks. It is argued from this that its records are not in the full sense public. It is pointed out that the act authorizing the creation of the bank (§ 23) specifically provides for examinations by the state examiner, the results of which are to be reported to the industrial commission, the legislative assembly and the state banking board.

The question before us is wholly one of ascertaining legislative intention. If the legislature intended that the state auditor should perform the same duties with respect to the inspection or examination of the Bank of North Dakota as have long heretofore existed with respect to the state officers or persons charged with the receipt, safeguarding, or disbursement of public moneys, it is obvious that its intention must be given effect even though it be also provided that the Bank of North Dakota shall be subject to examination by the public examiner. There are several elements, however, in the existing legislation touching the question in hand which point persuasively to the conclusion that such was not the legislative intention. First, public moneys have heretofore been deposited in depositary banks and it has not been considered a part of the duties of the auditor to inspect the books of the depositary banks. In fact, it is conceded by the appellant that that has never been any part of his duties. As a depositary of public funds the Bank of North Dakota merely succeeds, under the law, to the functions of the privately owned depositary banks. In reposing the function in the Bank of North Dakota there is no basis for presuming an intention to enlarge the scope of the duties of the auditor. Second, the fact that special provision is made for examination by the public examiner and for reporting the same not only to the industrial commission but to the banking board and to the legislature, is a strong indication that the legislature intended to exhaust the subject of examination with reference to this institution. To these may be added another consideration which appeals with some force. The bank, while publicly owned, does have certain powers which have heretofore been exercised and enjoyed exclusively by privately owned banks. Examination of privately owned banks possessing these powers is, of course, an exercise of police power for the protection of patrons and the public. Otherwise, it might constitute an unwarranted search. Such examinations have been in aid of proper regulation. There is nothing in the statute with reference to the duties of the auditor that connects that office with the regulartory power. He is given no authority to act upon any condition that might be disclosed by his examination.

Aside from the foregoing, there is, in our opinion, little basis for argument one way or the other. A careful examination of the statutes cited leads us to the conclusion that the examination of the Bank

of North Dakota is no part of the duties of the state auditor. The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and BRONSON and GRACE, JJ., concur.

ROBINSON, J. I think the Bank of North Dakota is a material department of the state treasury and as such it is subject to examination by the state auditor.

CHRISTIANSON, Ch. J. (concurring). The sole question presented in this case is the right of the state auditor to inspect the books, papers, and accounts of the Bank of North Dakota. In former cases I have asserted that the constitutional amendment under which the Bank of North Dakota is purported to have been created was not in fact adopted. While these views remain unchanged, the fact also remains that the legislature acting under the alleged constitutional amendment has enacted a law creating the Bank of North Dakota; that such law has been put into operation, and that the present controversy has arisen thereunder.

The state auditor has such powers and is required to perform such duties as are prescribed by law. N. D. Const. § 83. The Bank of North Dakota is a creature of the legislature. The manner of inspection of books of public officers and departments, as well as the banks and other financial institutions in the state is also a matter of legislative control. Hence, all questions in any manner involved are bottomed upon legislative enactments, and the ultimate question is: Did the legislature intend that the state auditor should be empowered to inspect the books, papers, and accounts of the Bank of North Dakota? I believe that this question must be answered in the negative for the reasons stated in the opinion prepared by Mr. Justice Birdzell. I therefore concur in that opinion.