## AMERICAN VISCOSE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4579.

Circuit Court of Appeals, Third Circuit.

Feb. 16, 1932.

Rehearing Denied March 23, 1932.

Robert T. McCracken and C. Russell Phillips, both of Philadelphia, Pa., and Lee I. Park and Charles D. Hamel, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and John H. McEvers and J. Louis Monarch, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In 1926 the government refunded to the taxpayer $3,896,663.14 income and profit taxes illegally assessed and collected for the years 1917–1919. This sum, together with $1,409,-856.46 interest, was paid to the taxpayer in 1926. Thereupon the question here involved arose, namely, whether interest paid by the United States in 1926, pursuant to section 1116 of the Revenue act of 1926 (26 USCA § 153 note) on money refunded as overpayments of federal income and profits taxes, is interest upon "obligations of the United States," and therefore exempt from tax under section 213 (b) (4) of said act, 26 USCA § 954 (b) (4), which provides: "The term 'gross income' does not include the following items, which shall be exempt from taxation under this title: * * * (4) Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (B) securities issued under the provisions of the Federal Farm Loan Act, or under the provisions of such Act as amended; or (C) the obligations of the United States or its possessions."

The simple question, therefore, is, Was this refund of illegal taxes an "obligation of the United States" and the interest paid thereon exempt from taxation? That the interest was income is apparent, and that it, as such, is taxable, is equally clear, unless the refund was one of the obligations of the United States Congress meant to exempt. The Tax Board, following the principle stated in Kansas City Southern Railway Co. et al. v. Commissioner, 16 B. T. A. 665, held this refund

was not exempt by the act. We agree with that conclusion. The exemptions of Congress were evidently meant to aid in the flotation of government bonds and securities by making them tax free and, therefore, more attractive to investors. We see no reason why the construction of the statute should be so broadened as to cover a transaction which had no relation to the flotation of securities, but was one where the government had wrongfully collected money, and, in righting the wrong, had, pro tanto, compensated. therefor by paying interest. Nor do we find any error in the Board treating this payment of interest, which was made in toto in 1926, as income received that year, which it in fact was.