## COMMISSIONER OF INTERNAL REVENUE v. CAREY–REED CO.

### No. 7910.

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1939.

L. W. Post, of Washington, D. C. (James W. Morris, Sewall Key, Norman D. Keller, and Edward M. English, all of Washington, D. C., on the brief), for petitioner.

Jesse I. Miller, of Washington, D. C., for respondent.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals reversing his action in assessing a deficiency in income taxes against respondent in the amount of $1,394.75 for the year 1933. The facts were stipulated.

The taxpayer was engaged in the business of street, road and sewer construction. Prior to 1933 it contracted to make certain street, paving and sewer improvements in four municipalities of Kentucky and received in part payment therefor bonds in the following amounts:

| From the City of | For | | In the Amount of |
|---|---|---|---|
| Marion | Street | Improvement | $50,087.22 |
| Marion | Sewer | Improvement | 71,924.11 |
| Princeton | Sewer | Improvement | 87,283.52 |
| Winchester | Paving | Improvement | 6,846.40 |
| Wilmore | Street | Improvement | 10,417.71 |

In 1933 interest accrued on these bonds and was paid to respondent in the amount of $10,143.64 which sum it failed to report as income for that year. The deficiency assessment was based on the amount of this interest.

The question is whether this interest is exempt from tax under Sec. 22(b) (4) of the Revenue Act of 1932, Title 26 U.S. C. Sec. 22(b) (4), 26 U.S.C.A. § 22(b) (4) note, which we quote in part:

"§ 22. *Gross income.*

\* \* \* \* \* \*

"(b) *Exclusions from Gross Income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter [title]: \* \*

"(4) *Tax-free interest.* Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof \* \*."

Article 84 of Treasury Regulation 77 of the Revenue Act of 1932 is as follows:

"*Interest upon State Obligations.*—Interest upon the obligations of a State, Territory or any political subdivision thereof, or the District of Columbia is exempt from the income tax. Obligations issued by or on behalf of the State or Territory or a duly organized political subdivision acting by constituted authorities empowered to issue such obligations, are the obligations of a State or Territory or a political subdivision thereof. The term 'political subdivision' denotes any division of the State or Territory made by the proper authorities thereof acting within their constitutional powers. Political subdivisions of a State or Territory, within the meaning of the exemption, includes special assessment districts so created, such as road, water, sewer, gas, light, reclamation, drainage, irrigation, levee, school, harbor, port improvements, and similar districts and divisions of a State or Territory."

Marion, Princeton and Winchester were cities of the fourth class, and Wilmore of the fifth class, as defined by Kentucky statutes. The street and paving improvement bonds of Marion and Winchester were issued in accordance with the statutes applicable thereto and were identical in form and terms except as to the name of the issuing city, the amount thereof, the ordinances under which they were issued and the description of the improvement for which, issued. The sewer improvement bonds issued by Marion and Princeton were likewise issued in accordance with the statutes and were identical except for the necessary differences we have noted above and the street improvement bonds issued by Wilmore were in accordance with the applicable statutes and the bonds so issued are identical in form and terms except as to the principal amounts thereof.

A typical street improvement bond stated on its face that it was "issued in anticipation of the collection of special taxes duly levied and assessed by ordinance of the City of Marion \* \* \* upon and against the several lots and parcels of real estate fronting and abutting on both sides \* \* \* in said city for the payment of the cost of improvement \* \* \* and the payment of the principal and interest hereof is secured by pledge of said special assessments and taxes and the liens therefor. This bond and the coupons hereto attached are issued pursuant to the provisions of Sec. 3577 of the Kentucky statutes and the amendments thereto and pursuant to the ordinance of the City of Marion. \* \* \*"

A typical sewer bond bore the legend that it was "issued in anticipation of the collection of special taxes duly levied and assessed by ordinance of the City of Princeton \* \* \* upon and against the several lots and parcels of real estate abutting on both sides of \* \* \* as set out in an ordinance adopted by the City Council \* \* \* approving said assessment and assessing said taxes \* \* \* for the payment of the cost of the construction of a sanitary sewerage system \* \* \* and the payment of the principal and interest hereof is secured by pledge of said special assessments and taxes and the liens therefor. \* \* \* This bond and the coupons hereto attached are issued pursuant to the provisions of Sec. 3579a-2 of Carroll's Kentucky Statutes, 1930 edition, and pursuant to the provisions of the ordinances of the City of Princeton."

The bonds issued by the City of Wilmore contained provisions similar to those quoted from the bond of the City of Marion, except for the clause stating that it was issued pursuant to Sec. 3643, subsections 1 to 13, inclusive, of the Kentucky statutes which applied to cities of the fifth class as distinguished from the sections appearing in the other two bonds which applied to cities of the fourth class.

It does not seem necessary to refer further to the statutes except to say that they empowered the various municipalities to take the necessary steps to make these improvements with certain limitations as to liability which we shall notice.

Each of these three types of bonds contains the promise of the city "to pay the bearer the sum of \* \* \*" the bond, and was signed by the mayor and treasurer. But these promises were conditioned, as authorized by statute, as follows: that the principal and interest of each

bond be payable at the office of the treasurer of the city involved "exclusively out of the funds actually paid to and collected by the city on account of said special taxes."

The first two types contained the agreement of the city to file suit to collect any defaulted instalment of the special taxes but the bond of the City of Wilmore omitted this provision.

Joint Exhibit "1-A" included copies of three ordinances passed by the Council of the City of Marion and providing for the construction of its sewerage system. Of these, the ordinance adopted on February 17, 1930, contained the express statement that "such bonds shall not pledge the full faith and credit of the City of Marion, Ky., for the payment thereof but shall pledge only the local taxes levied and assessed by this ordinance and the lien created by the same on the property described herein."

The Commissioner contends that these limitations upon the general promise to pay constituted the bonds private obligations and hence took them outside of the exemption of Sec. 22(b) (4) (A). The case thus far presents the identical questions considered in Commissioner v. Pontarelli, 7 Cir., 97 F.2d 793, the court there holding that the interest on bonds so issued could not be taxed under the statute. We agree with the reasoning of that opinion and are in accord with its conclusion.

But the petitioner cites certain decisions of the Court of Appeals of Kentucky as binding upon us. Typical of these cases are: City of Catlettsburg v. Self, 115 Ky. 669, 74 S.W. 1064, holding that where the cost of a municipal improvement is to be borne exclusively by abutting property owners, "the liability * * * is in no sense a personal one upon the city" [page 1066]; and that bonds issued therefor are not void as violative of Secs. 157 and 158 of the Kentucky Constitution; Castle v. City of Louisa, 187 Ky. 397, 401, 219 S.W. 439, 440, holding "that contracts for local improvements, the cost of which is to be borne wholly by the property benefited, form no part of the indebtedness of the municipality, within the meaning of sections 157 and 158 of the Constitution"; and City of Prestonsburg v. People's State Bank, 255 Ky. 252, 72 S.W.2d 1043, holding that such bonds were not even an obligation of the city under those provisions of the Constitution.

Simply stated, these decisions hold that such special assessments do not involve taxation in the sense of Sec. 157 of the Kentucky Constitution (limiting municipal tax rates) nor indebtedness in the sense of Sec. 158 (placing a limit upon municipal indebtedness); but that bonds issued in anticipation of such special assessments and in excess of those limitations are not, within the prohibitions of those limitations, "personal obligations" or "indebtedness" of the issuing municipality. See Shaver v. Rice, Mayor, 209 Ky. 467, 474, 273 S.W. 48. But we are not required to determine the effect of these local decisions upon the administration of a national taxing act (Brush v. Com'r, 300 U.S. 352, 362 et seq., 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428; see also Barbour v. Thomas, 6 Cir., 86 F.2d 510, 517) for the bonds, the interest on which petitioner seeks to tax, carry an unchallenged obligation of their makers to collect the special assessments and pay them to the holders at the offices of the various city treasurers and in all cases, except the bonds of the City of Wilmore, to bring suit to collect any defaulted instalments.

This is sufficient to support the decision of the Board of Tax Appeals that the interest upon the bonds was that of the municipalities and therefore exempt from income taxes under the statute; and its order is affirmed.