COMMISSIONER OF INTERNAL REVENUE v. MEYER.
No. 300.

Circuit Court of Appeals, Second Circuit.
May 22, 1939.

---

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Alexander Tucker, Sp. Asst. to the Atty. Gen., for petitioner.

Mason, Spalding & McAtee, of Washington, D. C. (W. W. Spalding, of Washington, D. C., of counsel), for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The respondent in 1932 purchased certain land in the village of Suffern, N. Y., which some of the inhabitants of the village then desired to have it acquire for public use. His purchase of the land was made to assure its availability for such use in the event that the village did decide to take it. He paid $15,000 for it and incurred expenses of $198.33 in connection with the purchase. On January 16, 1933, the Board of Trustees of the Village of Suffern voted to purchase the property from the respondent and to pay him what he had expended for it. He thereupon conveyed the property to the village and received as the consideration for the deed cash to the amount of $1,198.33, and the duly executed promissory notes of the village for the remainder of the purchase price. There were five of these notes which were dated January 15, 1933, and all bore interest at the rate of 5% payable semi-annually until maturity. The first was for $2,000 payable on July 15, 1933; the next two were for the same amount payable on the 15th of July in 1934 and 1935 respectively; and the last two were each for $4,000. One of them was payable on the same day of July in 1936 and the other one year later. The interest on the notes then unmatured was paid by the village to the respondent in 1934 to the amount of $600. He failed to include it in his return of income for that year as he claimed it to be exempt from such taxation under Sec. 22 (b) (4) of the Revenue Act of 1934, 26 U.S.C.A. § 22 (b) (4). The Commissioner treated such interest as taxable income, however, and determined a deficiency based in part thereon. The Board of Tax Appeals redetermined the deficiency and in so doing held that such interest was exempt from taxation. The Commissioner has brought this petition to review the redetermination of the

Board. The taxability of such interest is the only issue before us.

It has been agreed that the Village of Suffern is a political subdivision of the State of New York. Sec. 22 (b) (4) of the Revenue Act of 1934 provided, inter alia, that interest upon the obligations of a political subdivision of a state should not be included in gross income and should be exempt from taxation.

The petitioner contends that this statute is not applicable to interest paid on these notes, given in part payment of the purchase price of property acquired, upon the theory that they were not issued by the village acting by its constituted authorities empowered to issue such obligations as provided by Art. 22 (b) (4) of T.R. 86. No question is raised as to the authority of the person who signed the notes to do so on behalf of the village; nor is it claimed that the notes were not legally enforceable obligations of the village according to their terms. The argument is that they were not the kind of obligations covered by the statute because they were not executed in the exercise of the borrowing power of the village like bonds duly authorized, issued and sold for the purpose of borrowing money.

In United States Trust Company of New York v. Anderson, 2 Cir., 65 F.2d 575, 89 A.L.R. 994, we held that interest paid by the City of New York on a condemnation award was not exempt from taxation under the similar provisions of the Revenue Act of 1926 and in so doing distinguished such interest from that paid on obligations issued under the borrowing power of the city. That sort of interest was but part of the award itself. See Baltimore & Ohio R. Co. v. Commissioner, 4 Cir., 78 F.2d 460; Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083. It was payable not by virtue of any contract under which credit was obtained but because required by law as part of the just compensation for what was condemned and taken in invitum for public use.

It is manifest that the word "obligations" in the statute was not intended to extend to every obligation which included the payment of interest but only to those obligations which were created in the exercise of the borrowing power. See Helvering v. Stockholms Enskilda Bank, 293 U. S. 84, 55 S.Ct. 50, 79 L.Ed. 211. But where credit is obtained in consideration for a promise to pay money in the future, together with interest on that money, there

is no valid ground for making a distinction between interest paid on bonds duly issued and interest paid on notes duly delivered. In this instance the village purchased the property in part on its credit and gave its interest bearing notes for the remainder of the purchase price not paid in cash. If instead of buying the property in the first place to keep it available for purchase by the village, the taxpayer had advanced the money to the village on its notes and the village had bought the property directly there would have been a patent exercise of the borrowing power. That, too, would have been plain enough had the village sold its bonds to raise the needed money. The practical effect of what it did from the standpoint of its borrowing power was the same when it gave its interest bearing notes for property instead of for cash. Its obligations were "issued" within the above regulations when its notes were delivered to the respondent to obtain credit on obligations incurred under its borrowing power. Such circumstances bring the interest paid on the notes within the scope of the above statute and make it exempt from taxation. Kings County Dev. Co. v. Commissioner, 9 Cir., 93 F.2d 33; Norfolk Nat. Bank v. Commissioner, 4 Cir., 66 F.2d 48.

Affirmed.