## HOLLEY v. UNITED STATES.
### No. 8759.

Circuit Court of Appeals, Sixth Circuit.
Jan. 10, 1942.

Alexander P. Leete, of Detroit, Mich. (Corliss, Leete & Moody, of Detroit, Mich., on the brief), for appellant.

Lee A. Jackson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Michael H. Cardozo, IV, Sp. Assts. to Atty. Gen., John C. Lehr and J. Thomas Smith, both of Detroit, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and Mc-ALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment dismissing a complaint in an action for refund of income taxes for the years 1934, 1935, and 1936, in the amounts of $601.79, $145.77, and $450.73, respectively. All of these items represent interest paid to the appellant by the city of Detroit upon the unpaid portion of the purchase price of land condemned by the city. Appellant contends that the items are interest on the obligations of a political subdivision of a state, and hence are exempt from taxation under § 22 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 22, which are identical, and read as follows:

Sec. 22(b) "The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]:

\*   \*   \*   \*   \*   \*

" (4) Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (B) obligations of a corporation organized under Act of Congress, if such corporation is an instrumentality of the United States; or (C) the obligations of the United States or its possessions. \* \* \*"

The facts are not in controversy. Prior to 1928 the city of Detroit considered plans for the widening of Woodward Avenue and the condemnation of real estate for that purpose, including certain property belonging to the taxpayer. The city was in financial difficulty, and in contemplation of completion of the condemnation proceedings appellant and other taxpayers affected signed duplicate agreements providing for the method of payment by the city. The contracts specified that payment of the awards should be made in ten equal annual installments with interest on the unpaid balance at four and one-quarter per cent per annum. The condemnation pro-

ceedings were completed on July 21, 1932. The property was taken over by the city, and the operation of widening the street began in 1934. Under the contract with appellant the city made interest payments during the taxable years, as follows:

| 1934 | $1,228.15 |
| 1935 | 437.72 |
| 1936 | 726.98 |

The appellant paid income tax on these amounts, and later filed claim for refund which was denied. This suit was instituted, and the District Court dismissed the petition upon the ground that the interest received by the appellant is part of the payment of the condemnation award and constitutes taxable income.

This decision is clearly correct. While the contract to defer payment was voluntary, the taking was not, all the proceedings being under the power of eminent domain and necessarily compulsory upon the appellant. The compensation therefore had to be that required in condemnation proceedings, namely, the full equivalent of the value of the land at the time of the taking. Under such circumstances, the interest is considered to be a part of the award itself, and essential to just compensation for the land where it is taken before full payment is made. Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083.

The statute does not exempt interest paid on every type of contract or legal liability incurred by a municipal corporation. This was the holding of the Court of Claims with reference to the same project and to two contracts identical with that involved herein. Williams Land Co. v. United States, 31 F.Supp. 154; Posselius v. United States, 31 F.Supp. 161. The court there declared that Congress in enacting the statute involved did not intend to exempt interest on all types of municipal obligations but only such interest as accrued on debts incurred under the borrowing power of the city. Since the obligation entered into by the city of Detroit was incurred under the power of eminent domain, the court held that the interest was not exempt within the meaning of the Act. This holding, involving contracts identical with that construed here is persuasive. Moreover, it follows

the settled law upon this point. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211; American Viscose Corp. v. Commissioner, 3 Cir., 56 F. 2d 1033, certiorari denied 287 U.S. 615, 53 S.Ct. 17, 77 L.Ed. 534; Baltimore & Ohio R. Co. v. Commissioner, 4 Cir., 78 F. 2d 460; United States Trust Co. of New York v. Anderson, 2 Cir., 65 F.2d 575, 89 A.L.R. 994. As stated in the American Viscose Corp. case, Congress established the exemptions in this section of the statute to aid in the flotation of government bonds and securities by making them tax free, and therefore more attractive to investors. Hence the court concluded that the statute should not be so broadly construed as to cover a transaction which had no relation to the flotation of securities. This holding was expressly approved in Helvering v. Stockholms Enskilda Bank, supra, which declared that the predecessor of this section, identical, so far as this question is concerned, with the statute now considered, had been written to make attractive investment in the obligations of the United States, and therefore should be interpreted narrowly so as to exempt nothing more than Congress clearly intended to be exempt.

Appellant contends, however, that the present transaction was a loan made by the taxpayer to the city which borrowed from appellant the cost of his land. This construction of the contract is strained indeed. No money passed from the taxpayer to the city. Reading the contract as a whole and construing it from its four corners, it simply defers the time of payment, making the award payable in ten annual installments instead of in one year as provided by the charter of the city of Detroit. The fact that as added consideration for the deferment the city, which was in acute financial difficulty, agreed that the awards should be tax exempt by the city of Detroit, is of no moment here where the question is whether the interest is tax exempt as against the United States.

The evident meaning of the term "obligation" is the same in the section both with reference to the United States Government and municipal corporations, and hence the same narrow construction must be given the term in both clauses.

The decisions cited by appellant deal with situations where interest on obligations actually created by the borrowing power was held to be exempt under the statute. Cases where landowners voluntarily sold property to governmental units [Commissioner v. Meyer, 2 Cir., 104 F.2d 155; Kings County Development Co. v. Commissioner, 9 Cir., 93 F.2d 33] are not controlling here. In Commissioner v. Carey-Reed Co. 6 Cir., 101 F.2d 602, 121 A.L.R. 1272, bonds were actually issued, condemnation was not involved, and the question was whether the interest upon such bonds was taxable. Clearly such interest falls squarely within the exemption of the statute.

The judgment is affirmed.