E. F. FOX, Individually and as Executor
of the Estate of Alice C. Fox,
Deceased, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. No. 4068.

United States District Court
D. North Dakota,
Southeastern Division.

Feb. 16, 1967.

J. Gerald Nilles and Timothy Q. Davies, of Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, N. D., for plaintiff.

John O. Garaas, U. S. Atty., by Jerome Fink and Howard N. Singer, Attys., Dept. of Justice, Washington, D. C., for the United States.

## MEMORANDUM AND ORDER

REGISTER, Chief Judge.

The sole question presented by this suit for refund of individual income taxes is whether interest paid by the Bank of North Dakota (a creation and agency of the State of North Dakota) on regular certificates of deposit issued by the bank to the Plaintiff and his deceased wife is to be included in computing gross income for federal income tax purposes.

For the calendar (and taxable) year 1959 E. F. and Alice C. Fox filed a timely joint federal income tax return on which was listed a sum representing interest received by them from the Bank of North Dakota. However, because of the provisions of Section 103(a) (1) of the Internal Revenue Code of 1954, such sum was not included in the taxpayer's computation of gross income. After the 1959 tax return was audited by the Internal Revenue Service, the disputed sum was assessed as a deficiency and paid.

A timely claim for refund was filed and, following rejection of the claim, this suit was commenced. Jurisdiction of the parties and the subject matter rests in this court by virtue of Section 1346 (a) (1), Title 28, U.S.C.A.

Section 61(a), Title 26, U.S.C.A., insofar as is here pertinent, reads as follows:

> "(a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
>
> * * * * * *
>
> (4) Interest;
>
> * * * "

Thus, unless specifically excepted, interest income of a taxpayer must be included in computing his gross income for federal income tax purposes.

Section 103(a), Title 26, U.S.C.A., insofar as is here pertinent, provides that:

> "(a) General rule.—Gross income does not include interest on—
>
> (1) the obligations of a State, a Territory, or a possession of the United States, or any political subdivision of any of the foregoing, * * * "

Therefore, in this case, if the certificates of deposit issued to the taxpayers by the Bank of North Dakota represent an "obligation" of the State of North Dakota or any political subdivision thereof, then, by reason of the above quoted Section 103(a), the interest accrued and paid thereon would not be included in determining gross income for federal income tax purposes.

The crux of this matter appears to be whether an ordinary certificate of deposit issued by the Bank of North Dakota (admittedly an instrumentality of the State) is an "obligation" within the meaning of that term as used in Section 103(a).

In considering the predecessor of Section 103(a), the Court of Appeals for the Second Circuit stated that " * * * the word 'obligations' in the statute was not intended to extend to every obligation which included the payment of interest *but only to those obligations which were created in the exercise of the borrowing power."* (Emphasis added.) Commissioner of Internal Revenue v. Meyer, 104 F.2d 155, 156 (2 Cir., 1939). Also see: Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211. This interpretation of the same predecessor statute was followed by the court in Holley v. United States, 124 F. 2d 909, 910 (6 Cir., 1942) and the opinion of the court in M. C. Parrish & Co. v. Commissioner of Internal Revenue, 147 F.2d 284 (5 Cir., 1945) is similar in its reasoning and determination.

This court is persuaded by the reasoning found in the cited cases that Congress, in enacting Section 103(a) (and its predecessor statutes), intended to limit the described exemption to income flowing from obligations created in the exercise of the state's (or political subdivision thereof) borrowing power.

Clearly, the funds deposited by the taxpayers in this case are not "borrowed" by the Bank. They represent only a deposit liability upon which a stated rate of interest is paid to the depositor. See: Commissioner of Internal Revenue v. Ames Trust & Sav. Bank, 185 F.2d 47 (8 Cir., 1950). Such funds are not "public funds", and may not be used for governmental operation. The Supreme Court of North Dakota in Sargent County v. State, 47 N.D. 561, 182 N.W. 270 at page 274 (1921), stated:

> "Manifestly, the funds on deposit in such bank (the Bank of North Dakota) are not public funds of the state for disbursement in governmental operation excepting as the same have been deposited by the treasurer of the state for such purposes."

For an excellent discussion concerning the creation of the Bank of North Dakota, its attributes, functions and status, see State of North Dakota v. Olson, 33 F.2d 848 (8 Cir., 1929).

Now Therefore, for reasons hereinbefore stated, and the Court being of the

**314**

opinion that the disputed sum involved herein is not to be excluded in computing gross income for federal income tax purposes by reason of Section 103(a) (1), 26 U.S.C.A., it is

Ordered that Plaintiff's complaint and action herein be, and the same hereby are, in all things, *dismissed*, without costs.