T.C. Summary Opinion 2012-5


UNITED STATES TAX COURT


CLIFTON GREGORY BROWN AND ALMA ELIZABETH BROWN, Petitioners
<u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14603-10S.                    Filed January 9, 2012.


Clifton Gregory Brown and Alma Elizabeth Brown, for themselves.

<u>Johnny Craig Young</u> and <u>David M. McCallum</u>, for respondent.

## SUMMARY OPINION

GUSTAFSON, <u>Judge</u>:   This case was heard pursuant to the provisions of section 7463[1] in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service ("IRS") determined a $1,553 deficiency in the 2007 Federal income tax of petitioners Clifton Gregory Brown and Alma Elizabeth Brown.  The issue for decision is whether the Browns are entitled to deduct interest that they paid to the State of New York.  We hold that they are not.

### Background

The parties have filed cross-motions for summary judgment pursuant to Rule 121.  The cross-motions show that the material facts are not in dispute; and on December 1, 2011, the Court held a conference call with the parties to confirm that neither party desires a trial.  Under Rule 121 a non-movant's burden is only to raise genuine issues of material fact, and all factual inferences are drawn in favor

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.; "the Code") in effect for the tax year at issue, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

of the non-movant. Since we will grant the IRS's motion, we draw all inferences in favor of the Browns and assume that the facts are as follows:

Reporting of capital gain on South Carolina returns

In 2002, 2003, and 2004, Mr. Brown sold shares of Citigroup stock, and he derived capital gains from those sales. The Browns reported the gain on income tax returns that they filed for those years--i.e., both Federal income tax returns and returns for South Carolina, the State in which they then resided.

Payment of tax and interest to the State of New York

In 2006 the State of New York audited the Browns' State income tax returns for those years and determined that they owed income tax to the State of New York on the gains from the 2002 through 2004 Citigroup stock sales and that they owed interest on the unpaid tax. The Browns eventually paid to the State of New York $40,969 in income tax and $7,652 in interest. Although our record does not show it, we assume in the Browns' favor, for purposes of the IRS's motion, that these amounts relate entirely to the Citigroup stock sales and that they were fully paid in 2007.

Refunds of tax with interest from South Carolina

In 2007 the Browns filed amended South Carolina income tax returns for the years 2002 through 2004, reducing their South Carolina income by the

amounts attributable to the Citigroup stock sales and claiming the resulting refunds of South Carolina income tax. In May and August 2007, South Carolina paid to the Browns the refunds that they had requested, along with interest totaling $3,593.

The IRS's treatment of South Carolina interest

In 2008 the Browns filed their Federal income tax return for 2007. They did not report as income on that return the interest that they had received in 2007 from South Carolina. However, South Carolina did report to the IRS its payments of interest to the Browns. The IRS compared this information to the return that the Browns had filed, noted the omission, and issued on March 29, 2010, a notice of deficiency, determining a deficiency in the Browns' 2007 Federal income tax in the amount of $1,553, which was the tax attributable to the inclusion in the Browns' income of the interest they received from South Carolina in 2007. On June 28, 2010, the Browns timely filed their petition, asking this Court to redetermine the deficiency.

## Discussion

The Browns' position is that they should not be taxed on the $3,593 of interest they received from South Carolina because of the greater amount of interest--$7,652--that they were required to pay to the State of New York. As they

put it, their position "rests not on specific legal issues of the I.R.C., but on the totality and proper interpretation of the facts." They were compelled to recharacterize their stock sale gains as New York income rather than South Carolina income, and this change resulted in their receiving overpayment interest from South Carolina but paying underpayment interest to the State of New York-- and in larger amounts. In the net, they were not at all enriched by these related transactions. On the contrary, they were worse off to the extent of $4,059. The Browns therefore urge that it is inequitable and illogical to attribute income to them from the South Carolina interest receipts while ignoring the New York interest payments, because to do so (they say) ignores the economic reality: They did not gain from this circumstance; they lost.

The IRS's position is that the South Carolina interest income is taxable and the New York interest payment is not deductible, by the simple operation of the Code. We agree.

Section 61(a) defines gross income very broadly--"all income from whatever source derived"--and section 61(a)(4) makes explicit that this includes "[i]nterest". Accordingly, it has long been held that interest received on a tax refund is includible in gross income. See Am. Viscose Corp. v. Commissioner, 19 B.T.A. 937 (1930), aff'd, 56 F.2d 1033 (3d Cir. 1932). The Browns admit that

South Carolina sent them refund checks that included $3,593 of interest, and this admission resolves the matter. The South Carolina interest receipts are income that the Browns failed to report.

The Browns' contention, though, stresses the economic effect of the interest that they were required to pay to the State of New York. They argue that the interest paid to the State of New York and the interest received from South Carolina "should be treated in the same manner as the well-established judicial and equitable right of set-off in financial-related cases." The Browns cite no authority for a "right of set-off" of a payment to one entity against income received from a different entity. Cf. S.C. Nat'l Bank, Greenville v. Hammond, 198 S.E.2d 123, 127 (S.C. 1973) ("it is essential to the establishment of a set off that the claims or debts be mutual, that is, they must subsist or be owing, between the same parties"). The $3,593 received and the $7,652 paid were not entries in a single account that yielded a net amount at year's end; they were instead a payment of a debt to one entity and the receipt of an entitlement from another. The difference is a net amount only in the Browns' reckoning and not in the Browns' rights or obligations to any one person.

The Browns may reduce their taxable income by the amount of their interest payments to the State of New York only if those payments are deductible under the

Code.  However, the Code treats interest received and interest paid asymmetrically: Almost all interest received is includible in income (but see sec. 103(a)), but the deduction for interest paid is limited.  Deductions are a matter of legislative grace and should be narrowly construed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Given the Code's asymmetry between interest includibility and interest deductions, it is not surprising that a given taxpayer might owe tax on his interest income without being allowed to deduct his interest payments.  See Negri v. Commissioner, T.C. Memo. 1993-261 (rejecting the taxpayer's argument "for offsetting interest income * * * against interest expenses otherwise not currently deductible").  The limitation that effects this asymmetry for the Browns is in section 163(h):

SEC. 163(h).  Disallowance of Deduction for Personal Interest.--

(1) In general.--In the case of a taxpayer other than a corporation, no deduction shall be allowed under this chapter for personal interest paid or accrued during the taxable year.

Nondeductible "personal interest" is defined broadly in section 163(h)(2) with exceptions that do not include the Browns' payments to the State of New York.[2] See Alfaro v. Commissioner, T.C. Memo. 2002-309, aff'd, 349 F.3d 225 (5th Cir. 2003) (holding that interest paid on individual tax deficiencies is nondeductible personal interest). The Code does not allow the Browns to deduct their interest paid on their State tax underpayments, so there is no valid mechanism for the "set-off" that they assert.

It is indeed ironic that when the Browns revised their State tax reporting, simply allocating the same gain to a different State, the result was that they received from one State interest on which they must pay Federal income tax but paid to another State interest that they may not deduct. However, this outcome is a result of the explicit rules of the statutes that Congress enacted and that only

---

[2]The legislative history of section 163(h) indicates that Congress specifically intended that non-deductible "personal interest" includes interest paid on tax debts. See H.R. Conf. Rept. No. 99-841 (Vol. II), at II-154 (1986), 1986-3 C.B. (Vol. 4) 1, 154 ("Personal interest also generally includes interest on tax deficiencies"). Even assuming this congressional statement refers specifically to interest paid on Federal taxes, there is no basis for arguing that interest paid on State taxes would be analyzed differently.

Congress could amend.  In the meantime, we are bound to apply those rules.

Consequently, the IRS's determination is sustained.

To reflect the foregoing,

<u>An appropriate order and decision will</u>

<u>be entered</u>.