**STATE BANK OF ALBANY, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 202, Docket 31760.**

United States Court of Appeals Second Circuit.

Argued Jan. 11, 1968.

Decided Jan. 30, 1968.

Charles E. Nichols, Albany, N. Y. (Whalen, McNamee, Creble & Nichols, Albany, N. Y., on the brief), for appellant.

Kenneth L. Gross, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, and Justin J. Mahoney, U. S. Atty. for the Northern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment dismissing an action to recover income taxes paid for the year 1962. The taxpayer, State Bank of Albany, contended in the court below that interest on student loans paid to it by the New York Higher Education Assistance Corporation was exempt from income taxation as "interest on * * * the obligations of a State * * * or any political subdivision" under Section 103(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C. § 103 (a) (1) (1964). The district court, in an opinion reported at 276 F.Supp. 744 (N.D.N.Y.1967), held that the interest was not exempt from taxation. We affirm.

The facts, which have been stipulated, may be briefly stated. The New York Higher Education Assistance Corporation was created by statute in order to improve the educational opportunities of New York State residents by assisting them to meet the expenses of education. N.Y.Education Law, McKinney's Consol. Laws, c. 16, §§ 650, 651. The Corpora-

tion is authorized to guarantee student loans, to pay the interest on such loans "on behalf" of the student while he is in college, and to pay so much of the interest as is in excess of three per cent per annum thereafter. N.Y.Educ.L. §§ 653 (1), 653–a.

The State Bank of Albany made a number of loans to students which were guaranteed by the Corporation and upon which the Corporation paid a portion of the interest as provided by the statute. In 1962, the tax year in question, the Bank reported interest received from the Corporation as taxable income. Subsequently, a timely claim for refund was filed. Refund having been refused, the Bank brought this suit.

The difficulty with the Bank's position is that the obligation to pay the principal of the loans is not the obligation of the State or a political subdivision thereof; it is the obligation of the students. Therefore the interest on the loans does not constitute "interest on * * * the obligations of a State * * * or political subdivision" within the meaning of Section 103.

Affirmed.